**The below described is SIGNED.**

FILED IN THE
UNITED STATES
BANKRUPTCY COURT

**Dated: February 14, 2007**   /s/ Glen E. Clark   1:10
                               **GLEN E. CLARK**
                               **U.S. Bankruptcy Judge**   DISTRICT OF UTAH
                                                           DEPUTY CLERK

---

**GLADWELL & ASSOCIATES**
Dennis A. Gladwell (01200)
Lorraine P. Brown (5189)
1893 Wasatch Drive
Ogden, Utah 84403
(801) 476-4667
*Attorneys for Petitioner*

---

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>    Wade Dee Martineau,<br>        Debtor, | Bankruptcy Case Number<br><br>06-20484 GEC<br><br>(Chapter 7) |
| Kristen Bell,<br>        Plaintiff,<br><br>v.<br><br>Wade Dee Martineau<br>        Defendant. | Adversary Proceeding Number<br><br>06P-2339 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, having duly considered the pleadings in this case, Plaintiff's Motion for Summary Judgment, the Plaintiff's Statement of Material Facts contained therein, the affidavits, deposition and supporting documents to the Motion, and having reviewed the Defendant's Response thereto, hereby Finds, Concludes and Orders as follows:

## FINDINGS OF FACT

1. On or about February 24, 2006, Debtor, Wade Dee Martineau, filed a voluntary Petition under Chapter 7 of the United States Bankruptcy Court for the District of Utah, case no. 06-20484 GEC.

2. An automatic stay of all then pending court proceedings became effective pursuant to 11 U.S.C. §362.

3. One such pending action is a civil lawsuit otherwise known as <u>Kristen Widdison</u> v. <u>Dr. Wade D. Martineau, M.D.</u>, Second Judicial District Court, Ogden Division, State of Utah, case no. 050903430 PRB.

4. This civil action previously had been filed on or about June 9, 2005.

5. On June 7, 2006, the Plaintiff herein filed a Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. §523(a)(6), case no. 06P-2339 GEC.

6. An answer was duly filed by Debtor, Wade Dee Maritneau, on or about July 6, 2006 and the issues were joined.

7. On November 27, 2006, Plaintiff, Kristen Bell (aka Kristen Widdison), filed a Motion for Summary Judgment seeking an order by this Court that the potential debt or debts, alleged as damages in the civil case, <u>Bell v. Martineau</u>, case no. 050903430, were not dischargeable in bankruptcy by reason of the nature of the alleged injuries.

8. On January 8, 2007, Debtor herein filed a response to Plaintiff's Motion for Summary

Judgment and stating in pertinent part:

a. That the Debtor does not dispute the Plaintiff's factual allegations found in the Statement of Material Facts;

b. That the actions of the Debtor, as set forth in the civil action, and as established in Plaintiff's moving papers herein, constitute, willful and malicious conduct; and

c. That Debtor does not oppose Plaintiff Bell's Motion for Summary Judgment as respects the non-dischargeability of Plaintiff's civil action against the debtor herein, and lifting of the automatic stay.

9. Accordingly, in accordance with Debtor's Response to Plaintiff's Motion for Summary Judgment and after a careful review of Plaintiff's Statement of Material Facts and supporting documents, depositions and affidavits the Court Finds as Follows:

a. Plaintiff and Defendant are residents of the State of Utah, subject to the jurisdiction of this court under 28 U.S.C. §1334(b), 157(a) and (b)(2)(I).

b. Plaintiff was a patient and employee of Debtor, Wade Dee Martineau, in Weber County, Utah.

c. On or about September 24, 2004, Debtor administered intravenous medication to Plaintiff with the specific intent to render her unconscious and sexually touch and engage in intercourse with her. She was unconscious for over three hours. Defendant then touched her vagina and penetrated it with his penis.

        i.      More particularly, Dr. Martineau, confessed to Carrie Stoker, a fellow employee, that he took off the Plaintiff's clothes and had sexual intercourse with her while she was unconscious.

        ii.     During the Plea Hearing of August 2, 2006, the Debtor admitted in open court to all of the elements of second degree felony Forcible Sexual Abuse of an Adult, U.C.A. §76-5-404.

        iii.    Ms. Bell was sedated her for over three hours during which time she had no idea what occurred.

d.    In December, 2004, Defendant was charged with the crimes of felony rape and tampering with a witness in the Second District Court of Weber County, Utah, *State v. Maritneau*, case no. 041905680.

e.    On August 2, 2006, Debtor entered a plea of no contest to reduced charges of forcible sexual abuse of an adult (U.C.A. §76-5-404) and tampering with a witness (U.C.A. §76-8-508).

f.    On June 9, 2005, Plaintiff filed suit against Debtor in the Second District Court of Weber County, Utah, to recover damages for injuries incident to Debtor's sexual assault of Plaintiff, case no. 050903430 PRB.

g.    On or about February 24, 2006, Defendant filed for Chapter 7 relief in the U.S. Bankruptcy Court for the District of Utah, Central Division.

    h.     Plaintiff's civil action against Debtor in Weber County was stayed due to Debtor's pending bankruptcy proceeding in this court. (case no. 06-20484 GEC)

    i.     On June 7, 2006, Plaintiff initiated this adversarial proceeding seeking a determination of dischargeability under 11 U.S.C. §523(a)(6) of the U.S. Bankruptcy Code based upon Debtor's "willful and malicious injury" of Plaintiff.

## **CONCLUSIONS OF LAW**

In accordance with the Debtor's statements in his Response to Plaintiff's Motion for Summary Judgment, and after careful review of the Statement of Material Facts and supporting documents, deposition, affidavits, and after carefully considering the Points and Authorities accompanying Plaintiff's Points and Authorities, the Court makes the following Conclusions of Law:

1.    The acts of the Debtor, as found herein, constitute willful and malicious conduct.

2.    Accordingly, the debt or debts of the Debtor, as set forth in that certain civil action otherwise known as <u>Widdison v. Martineau</u>, Second Judicial District Court, Ogden Division, State of Utah, case no. 050903430 PRB, for sexual battery, et. al. are not dischargeable pursuant to 11 U.S.C. §523(a)(b) of the U.S. Bankruptcy Code.

3.    The automatic stay effected by the Court upon the filing of Debtor's voluntary Petition for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on February 24, 2006 may be dissolved and lifted, and the civil action identified above may proceed forward.

Bell vs. Martineau
Adversary Proceeding Number 06P-2339
Findings of Fact and Conclusions of Law

DATED: _____

                                                                                                           _____
                                                                                                            Glen E. Clark
                                                                                                            U.S. Bankruptcy Court Judge

Bell vs. Martineau
Adversary Proceeding Number 06P-2339
Findings of Fact and Conclusions of Law